UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOSTER AUTOMOTIVE SERVICES, INC. and FOSTERS AUTO RESERVES LLC,

Plaintiffs,

-against-

MT. HAWLEY INSURANCE COMPANY,

Defendant.

Case No. 1:26-cv-06665 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs Foster Automotive Services, Inc., ("Foster Automotive") and Fosters Auto Reserves LLC ("Fosters LLC" and, together with Foster Automotive, "Plaintiffs") bring this action against Defendant Mt. Hawley Insurance Company ("Mt. Hawley"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiffs allege that Foster Automotive "is a corporation formed under the laws of the State of Texas with its principal place of business located" in Texas. Dkt. 1 (the "Complaint," or "Compl.") ¶ 2. Plaintiffs further allege that Fosters LLC is "a limited liability company formed under the laws of the State of Texas that does business and owns property located" in Texas. *Id.* ¶ 3. Finally, Plaintiffs allege that Mt. Hawley "is incorporated in Delaware, and its principal place of business is located in Illinois." *See id.* ¶ 4.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship

of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, & ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **August 19, 2026**, Plaintiffs shall amend their Complaint to allege the citizenship of each constituent person or entity comprising Fosters LLC. If, by that date, Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: August 5, 2026
New York, New York

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge